# 2006 DTA 112

**TRIBUNAL DE APELACIONES**
**REGIÓN JUDICIAL DE SAN JUAN**
**PANEL VI**

ORION CONTRACTORS CO., INC.
Demandantes-Peticionarios

v.

CORPORACIÓN DESARROLLADORA DE VIVIENDAS DE LAS BARRIADAS DE ISRAEL Y BITUMUL, INC.; SANTOS CONCEPCIÓN PÉREZ, FULANA DE TAL Y LA SOCIEDAD LEGAL DE GANANCIALES POR ELLOS COMPUESTA; IRRADIA TRABAL, FULANO DE TAL Y LA SOCIEDAD LEGAL DE GANANCIALES POR ELLOS COMPUESTA; ASEGURADORA ABC; FIADORA XYZ
Demandados-Recurridos

Núm. KLCE-06-00125

San Juan, Puerto Rico, a 5 de septiembre de 2006

Panel integrado por su Presidente, el Juez Urgell Cuebas,
y los Jueces Gierbolini y Rodríguez Muñiz

Urgell Cuebas, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCIÓN

La peticionaria, Orion Contractors Co., Inc. (Orion), nos solicita que revisemos la resolución del Tribunal de Primera Instancia, Sala Superior de San Juan, que denegó su solicitud de sentencia sumaria y dispuso la paralización de los procedimientos hasta que concluyan los procedimientos ante el Departamento de Asuntos del Consumidor (DACO) respecto a las querellas presentadas sobre vicios de construcción en el Proyecto Villas del Paraíso. Orion había solicitado en su moción de sentencia sumaria que se desestimara la reconvención presentada por la codemandada, Corporación Desarrolladora de Viviendas de las Barriadas Israel y Bitumul, Inc. y que se denegara la solicitud de intervención del Consejo de Titulares de Villas El Paraíso (Consejo de Titulares). Señala Orion que incidió el tribunal al no conceder lo solicitado y al ordenar la paralización de los procedimientos hasta que DACO resuelva sobre los vicios de construcción.

El trámite del litigio hasta el presente es como sigue. El 14 de mayo de 2003, Orion presentó una demanda sobre cobro de dinero, incumplimiento de contrato y daños contra la Corporación Desarrolladora de Viviendas de las Barriadas Israel y Bitumul, Inc. (Corporación), ▇ el Presidente y la Directora Ejecutiva de la Corporación y otros. Alegó que se le debía la suma de $273,578.11, lo cual representaba parte del balance retenido del Proyecto Villas del Paraíso y que dicha suma era líquida y exigible.

El 3 de julio de 2003, la Corporación contestó la demanda y presentó una reconvención. Alegó que le había requerido a Orion la corrección de varios vicios de construcción, lo cual esta última no había llevado a cabo. Adujo que los vicios eran de tal magnitud que el Proyecto, en su presente estado, es impropio para el propósito de vivienda social para el que fue construido. El 13 de noviembre de 2003, Orion presentó su contestación a la reconvención, negando lo aseverado por la Corporación.

Orion y la Corporación solicitaron al tribunal la suspensión de los términos procesales en lo que auscultaban la posibilidad de lograr un acuerdo transaccional. Según solicitado por Orion, la Oficina de Viviendas del Municipio de San Juan le certificó que el Proyecto Villas del Paraíso tenía fondos asignados y no desembolsados ascendentes a $272,506.12. No obstante, mediante comunicación del 6 de octubre de 2003, la Oficina de Viviendas indicó que existían vicios de construcción en el Proyecto Villas del Paraíso que tenían que dilucidarse previo al desembolso del monto restante del retenido. Los esfuerzos para llegar a un acuerdo transaccional colapsaron debido a que Orion no estuvo dispuesta a que se incluyeran entre los defectos a corregirse aquellos relacionados con las unidades de vivienda que ya se habían traspasado a los adquirientes finales de las mismas.

Ante el colapso de las negociaciones, en septiembre de 2004, la Corporación presentó una moción argumentando que era necesario identificar y corregir los defectos de construcción previo a desembolsar los fondos restantes. La Corporación presentó un informe preparado por el Ing. William Agosto titulado "*Reporte de Fallas en los Techos del Proyecto Villas El Paraíso*" como evidencia de parte de los vicios de construcción

cuya corrección se solicitaba. Además, consignó ante el tribunal la suma de $272,506.12, el cual representa el balance retenido en dicho proyecto.

Mientras tanto, el 16 de junio de 2004, el Consejo de Titulares de Villas El Paraíso presentó una Querella ante DACO, la cual fue devuelta por razón de que cuando fue presentada le faltaba cierta información y documentos. El 2 de julio de 2004 el Consejo de Titulares solicitó la intervención en el pleito al amparo de la Regla 21 de Procedimiento Civil.

En octubre de 2004, Orion presentó una "*Moción Solicitando Sentencia Sumaria Parcial Desestimando Reconvención y Requiriendo Agotamiento de Procedimiento Administrativo Comenzado por la Asociación de Condómines*". El 6 de diciembre de 2004, Orion reiteró su solicitud. El 30 de diciembre de 2004, la Corporación presentó un escrito en oposición a la solicitud de sentencia sumaria. Éste fue complementado el 5 de julio de 2005, proveyendo un análisis más extenso y detallado.

El 22 de diciembre de 2005, el tribunal de instancia emitió una resolución ▉ disponiendo sobre la solicitud de sentencia sumaria, como sigue:

"... *[E]ste Tribunal ha llegado a la conclusión de que existe una controversia real sustancial sobre la responsabilidad o no de la parte demandante en cuanto a las alegadas deficiencias y defectos de construcción, según éstos han sido alegados en la reconvención presentada por la Corporación Desarrolladora de Viviendas de las Barriadas Israel y Bitumul y sobre si los vicios de construcción alegados en la reconvención son meros vicios o si los defectos son de tal magnitud que hacen inservible el proyecto para cumplir con el propósito de vivienda social para el que fue construido. A tales efectos, este Tribunal ha determinado declarar la Moción de Sentencia Sumaria No Ha Lugar.*"

En el contexto de los procedimientos ante este Honorable Tribunal no se puede descartar de manera categórica la autoridad legal de la Corporación Desarrolladora de Viviendas para reclamar los derechos que entiende que le asisten por la alegada violación de acuerdos contractuales por parte de Orion Contractors y los alegados vicios de construcción y/o ruina del proyecto. Ciertamente, ante estas circunstancias no procede la desestimación sumaria de la reconvención incoada por la Corporación demandada, toda vez que existen elementos que plantean una controversia real de hechos esenciales que nos impide resolver la misma sumariamente.

"... *[Este Tribunal evaluó] el Informe Pericial del Ing. William Agosto presentado por la Corporación demandada en octubre de 2004. De dicho Informe surgen controversias que hacen imposible que este Tribunal pueda desestimar sumariamente la reconvención incoada por la co-demandada contra Orion Contractors.*"

Es incuestionable la competencia de D.A.C.O. para resolver la querella presentada por los condómines de Villas El Paraíso. Sin embargo, ninguna de las partes puede restarle importancia a la jurisdicción de este Tribunal para poder evaluar y adjudicar en su día la controversia planteada por la demandada con respecto a la reparación de los defectos de construcción alegados contra Orion Contractors, previo al pago de la cuantía reclamada por el demandante por concepto de retenido de construcción. Esto máxime cuando la Corporación demandada no figura como parte de los procedimientos que se siguen ante D.A.C.O. Para ello, resulta necesario que en primer lugar D.A.C.O. haga la determinación de responsabilidad, si alguna de parte del contratista respecto los vicios de construcción, según los mismos fueron alegados en la reconvención de la Corporación demandada. Así las cosas se decreta la paralización y/o suspensión de los procedimientos en el presente caso ... reservándose expresamente jurisdicción este Tribunal para decretar su reapertura a solicitud de parte, luego de culminado todo el procedimiento ante DACO y este haga su determinación de responsabilidad por las actuaciones del contratista Orion Contractors.

Inconforme con lo provisto, Orion presentó un recurso de *certiorari* ante este Foro, señalando que incidió el tribunal:

*"Primer[o] ... [A]l negarse a desestimar la demanda de intervención presentada por la Junta de Condómines del Condominio Villa El Paraíso a pesar de haber comenzado un procedimiento de querella ante el Departamento de Asuntos del Consumidor.*

*Segundo ... [A]l negarse a desestimar la reconvención por la demandada Corporación ... por falta de capacidad para legitimar las reclamaciones por defectos en área comunales.*

*Tercer[o] ... [A]l negarse a desestimar la reconvención y la demanda de intervención y a la vez ordenar la paralización para que el mismo se considere como terminado hasta que se culminen los procedimientos ante el DACO."*

La Corporación y el Consejo de Titulares presentaron sus alegatos en oposición a la solicitud de *certiorari*. Con el beneficio de éstas comparecencias, procedemos a resolver.

Los señalamientos de error están íntimamente relacionados, por lo que los discutiremos conjuntamente. Orion señala que procedía que se concediera mediante sentencia sumaria los remedios que había solicitado, por lo que incidió el tribunal de instancia al denegar la solicitud de sentencia sumaria.

En *Mgmt. Adm. Servs. Corp. v. E.L.A.,* 152 D.P.R. 599, 609-611 (2000), el Tribunal Supremo reiteró varias doctrinas pertinentes para la adjudicación de una solicitud de sentencia sumaria como sigue:

*"... [L]a sentencia sumaria es un mecanismo procesal extraordinario que tiene el propósito de facilitar la solución justa, rápida y económica de los litigios civiles que no presenten controversias genuinas de hechos materiales y, por tanto, no ameritan la celebración de un juicio en su fondo." Pilot Life Ins. Co. v. Crespo Martínez,* 136 D.P.R 624 (1994).

La Regla 36.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, establece que se podrá dictar sentencia sumaria si de las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiere, surge que no hay controversia real sustancial en cuanto a ningún hecho material, y como cuestión de derecho debe dictarse sentencia a favor de la parte promovente.

Sólo procede dictar sentencia sumaria cuando surge claramente que el promovido por la moción no puede prevalecer bajo ningún supuesto de hechos y que el tribunal cuenta con la verdad de todos los hechos necesarios para poder resolver la controversia. *Corp. Presiding Bishop v. Purcell,* 117 D.P.R 714 (1986). Cuando no existe una clara certeza sobre todos los hechos de la controversia, no procede una sentencia sumaria. *Metropolitana de Préstamos v. López de Victoria,* 141 D.P.R. 844 (1996). La sentencia sumaria sólo debe concederse cuando no hay una genuina controversia sobre los hechos materiales y el tribunal se convence que tiene ante sí la verdad de todos los hechos pertinentes. **Cualquier duda sobre la existencia de una controversia sobre los hechos materiales, debe resolverse contra la parte promovente.** *Audiovisual Lang. v. Sist. Est. Natal Hnos,* 144 D.P.R. 563 (1997). La sentencia sumaria sólo debe dictarse en casos claros y cualquier duda en cuanto a si hay hechos pertinentes en controversia debe resolverse contra la parte que solicita la sentencia sumaria. **Toda inferencia que se haga a base de los hechos y documentos que obren en los autos, debe tomarse desde el punto de vista más favorable al que se opone a la solicitud de sentencia sumaria.** Véase, *Piñero v. A.A.A.,* 146 D.P.R. 890 (1998); *Audiovisual Lang. v. Sist. Est. Natal Hnos., ante; Medina v. M.S. & D. Química de P.R. Inc.,* 135 D.P.R. 716 (1994); *Rivera et al. v. Superior Pkg., Inc., et al.,* 132 D.P.R 115 (1992); *García v. DAREX P.R., Inc.,* 148 D.P.R. 364 (1999). Así pues, tomando en consideración que la sentencia sumaria es un remedio de carácter discrecional, *"[e]l sabio discernimiento es el principio rector para su uso porque, mal utilizada,*

*puede prestarse para despojar a un litigante de 'su día en corte', principio elemental del debido proceso de ley." Roig Com. Bank v. Rosario Cirino*, 126 D.P.R 613, 617 (1990); *Córdova Ramos v. Larín Herrera*, 151 D.P. R. 192 (2000).

Al dictar sentencia sumaria, el tribunal: (1) analizará los documentos que acompañan la moción solicitando la sentencia sumaria y los documentos incluidos con la moción en oposición y aquéllos que obren en el expediente del tribunal; (2) determinará si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, 136 D.P.R. 881 (1994).

La Regla 15.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 15.1, es pertinente al considerar una solicitud para que se desestime una reclamación por el fundamento de que la parte litigante que presentó la reclamación no posee acción legitimada para presentarla. La Regla 15.1 dispone:

*"Regla 15.1. Parte interesada*

*Todo pleito se tramitará a nombre de la persona que por ley tenga el derecho que se reclama, pero una persona autorizada por ley podrá demandar sin el concurso de aquélla para cuyo beneficio se hace la reclamación; y cuando por ley así se disponga, podrá presentarse una reclamación a nombre del Estado Libre Asociado de Puerto Rico para beneficio de otra persona. No se desestimará un pleito por razón de no tramitarse a nombre de la persona que por ley tiene el derecho que se reclama hasta que, luego de levantarse la objeción, se haya concedido un tiempo razonable para que la persona con derecho ratifique la radicación del pleito, o se una al mismo, o se sustituya en lugar del promovente y tal ratificación, unión o sustitución tendrá el mismo efecto que si el pleito se hubiere incoado por la persona con derecho.* " (Énfasis suplido.)

En este litigio existe una clara controversia de hechos, cuya adjudicación requiere el desfile y examen de la evidencia pertinente respecto a los vicios de construcción, por lo que no incidió el tribunal al denegar la desestimación de la reconvención en esta etapa de los procedimientos. Véase a dichos efectos el informe del Ing. William Agosto de 19 de octubre de 2004, denominado "*Reporte de Fallas en los Techos del Proyecto Villas El Paraíso*" y el "*Punch List de Apartamentos que Aún No Se Le Han Corregido Sus Deficiencias*", fechado 20 de octubre de 2003 (Apéndice págs. 40 a 44). No abusó de su discreción el tribunal de instancia al denegar la sentencia sumaria solicitada.

El Consejo de Titulares y los dueños de las unidades individuales con vicios de construcción han iniciado querellas sobre los mismos ante DACO, razón por la cual el tribunal paralizó los procedimientos hasta que se concluyan los procedimientos ante el foro administrativo. Una vez concluidos éstos y reiniciados los procedimientos ante el Tribunal de Primera Instancia, Orion y la Corporación podrán presentar sus alegaciones sobre las partes necesarias en el litigio para poder adjudicar los reclamos incluidos en la reconvención. De requerirse en esa etapa la participación como parte litigante de alguna persona jurídica no incluida al presente, el tribunal procederá según dispone la Regla 15.1, *supra*. Por ello, concluimos que en esta etapa no procede denegar la solicitud de intervención del Consejo de Titulares.

Los criterios para la expedición del auto de *certiorari* están expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, R. 40, la cual provee como sigue:

*"4a L.P.R.A. § Regla 40 Criterios para la expedición del auto de certiorari*

*El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:*

*(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*

*(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*

*(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*

*(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*

*(E) **Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración**. (Énfasis suplido.)*

*(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*

*(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia."*

El criterio expuesto en el inciso (E) de la Regla 40, *supra*, milita contra la expedición del auto de *certiorari* solicitado, ya que no se ha recibido la evidencia pertinente a la reconvención.

Por las consideraciones antes expuestas, se deniega la expedición del auto de *certiorari*.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria Interina del Tribunal.

El Juez Gierbolini concurre, sin opinión escrita.

Mildred Ivonne Rodríguez Rivera
Secretaria Interina del Tribunal

**ESCOLIOS 2006 DTA 112**

**1.** La Corporación Desarrolladora de Viviendas de las Barriadas Israel y Bitumul, Inc. es una corporación sin fines del lucro, certificada por el Departamento de la Vivienda del Estado Libre Asociado de Puerto Rico y la Oficina de Viviendas del Municipio de San Juan como un Community Housing Development Organization (*"CHDO"*), la cual se dedica al desarrollo de viviendas de interés social subsidiadas con fondos federales del programa HOME. El programa HOME se desarrolló al amparo del estatuto federal *"Home Investment Partnership Act"*, conocido como *"The HOME Act",* Pub. L. 101-625, y el reglamento relacionado, 24 CFR part 92.

**2.** Aunque el tribunal de instancia denominó su dictamen *"Sentencia"*, el mismo constituye una resolución, pues no resuelve finalmente la cuestión litigiosa. Regla 43.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 43.1.